**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| MIDWEST SWIM & ACTIVE, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05-0312-CV-W-FJG ) |
| J. KEVIN MCFALL, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendant Imagine Capital Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 30). Together with said motion are Defendant's Suggestions in Support (Doc. No. 31), Plaintiff's Suggestions in Opposition (Doc. No. 34), Defendant's Reply Suggestions (Doc. No. 40), and all accompanying exhibits and affidavits.

**I. Background.**

The present case is before the Court under diversity jurisdiction. Defendant ICC challenges the Court's personal jurisdiction over it in this matter.

Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Kansas City, Missouri. ICC is a Texas corporation, doing business primarily in New York, Connecticut, Texas and California. ICC has no offices, officers, employees, or agents in the State of Missouri. ICC has no customers and conducts no business in the State of Missouri. Plaintiff filed suit against ICC and separate defendant McFall, seeking to recover on three promissory notes. Each of the notes were executed in the State of New York; however, each of the notes is

captioned with the date, the amount, and "Kansas City, Missouri." See Doc. No. 35, Exhibits A, B, and C.

**II. Discussion.**

    **A. Standard**

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff rather than the movant has the burden of proof." Cantrell v. Extradition Corp. of Am., 789 F. Supp. 306 (W.D. Mo. 1992). "The allegations in the Complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. Id. at 308-09. "To survive a motion to dismiss for lack of personal jurisdiction, the nonmoving party 'need only make a prima facie showing of jurisdiction.'" Bell Paper Box Inc. v. U.S. Kids Inc., 22 F.3d 816, 818 (8th Cir. 1994) (quoting Dakota Indus., Inc. v. Dakota Sportwear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991)). "[T]here must . . . be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden upon the moving party to demonstrate a lack of personal jurisdiction. Once jurisdiction has been controverted or denied, (the plaintiff has) the burden of proving such facts." See Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977) (citations and internal quotation marks omitted).

"In deciding whether a court has personal jurisdiction over nonresident defendant [the Court] is guided by two primary rules. First, the facts presented must satisfy the requirements of the forum state's long-arm statute. Second, the exercise of personal

jurisdiction over the defendant must not violate due process." Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d 519, 522 (8th Cir. 1996).

"These issues are often analyzed independently, but when a state construes its long-arm statute to confer jurisdiction to the fullest extend permitted by the due process clause ... the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process." Bell Paper Box, 22 F.3d at 818 (citations omitted). Such is the case in Missouri. See Angelica Corp. v. Gallery Mfg. Corp., 904 F.Supp. 993, 996 (E.D. Mo. 1995) (stating that "Missouri's long arm statute, Mo. Rev. Stat. § 506.500, authorizes jurisdiction over nonresidents to the extent permissible under the due process clause"). Missouri's long-arm statute governs the instant case. The statute provides in pertinent part:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts: (1) The transaction of any business within this state; (2) The making of any contract within this state; ....

Mo. Rev. Stat. § 506.500. Additionally, "Missouri courts have liberally construed the 'transaction of any business' provision of the long-arm statute. Similarly, . . . the 'making of any contract' provision[s] [is] broadly construed." May Dept. Stores Co. v. Wilansky, 900 F. Supp 1154, 1159 (E.D. Mo. 1995) (internal citations omitted).

"Due process requires sufficient minimum contacts between the nonresident defendant and the forum state such that the exercise of personal jurisdiction over the nonresident defendant is consistent with traditional notions of fair play and substantial justice." Angelica Corp., 904 F.Supp. at 996. In deciding whether there are sufficient minimum contacts, the Eighth Circuit has identified a five factor analysis that courts must

utilize in making this decision: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Bell Paper Box Inc., 22 F.3d at 819.

Two types of personal jurisdiction exist: general and specific. If the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n.9 (1984). General jurisdiction is only applicable if the defendants' contacts with the forum state are continuous and systematic. Id. at 414. If, on the other hand, the cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. Id. at 414 n.8.[1]

With these standards in mind, the Court will examine whether the exercise of personal jurisdiction over ICC is warranted.[2]

### B. Long-Arm Statute

---

[1] Neither party appears to argue that defendant ICC has the "continuous and systematic" contacts necessary for an exercise of general jurisdiction. See Helicopteros Nacionales, 466 U.S. at 414. Therefore, the Court only considers specific jurisdiction in its analysis of the pending motion.

[2] Additionally, plaintiff argues that defendant ICC's motion to dismiss is untimely in that defendant ICC submitted an answer prior to filing the pending motion to dismiss. However, as noted by defendant, the defense of lack of personal jurisdiction is preserved when it is raised in a responsive pleading, and ICC preserved the defense by raising it in its answer. See Doc. No. 29, ¶ 28; see also Fed. R. Civ. P. 12(h)(1). Therefore, as the defense was properly preserved, the Court reaches the merits of defendant ICC's motion to dismiss for lack of personal jurisdiction.

-4-

Case 4:05-cv-00312-FJG   Document 51   Filed 10/21/05   Page 4 of 10

Defendant ICC states that jurisdiction is not proper based on Missouri's long-arm statute because plaintiff cannot establish that ICC transacted business or entered into a contract related to this cause of action within the State of Missouri.

Defendant ICC states that, under the transaction of business standard, the defendant must have engaged in some activity in Missouri that relates to the transaction at issue in the case. See State ex rel. Metal Serv. Center of Georgia, Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. Banc 1984); Scullin Steel Co. v. National Ry. Utilization Corp., 76 F.2d 309, 312 (8th Cir. 1982). A single transaction may form the basis for the suit. See Gaertner, 677 S.W.2d at 327.

Defendant notes that this case is factually similar to Scullin Steel, in which the Court refused to exercise jurisdiction over the non-resident defendant. In Scullin Steel, the negotiations for the agreement took place in Pennsylvania, none of defendant's personnel traveled to Missouri in connection with the transaction , defendant was not authorized to do business in the State, had no offices or employees in Missouri, owned no property in the state, and did not have an agent for service of process in Missouri. See Scullin Steel, 676 F.2d at 310, 312. Even though telephone calls and e-mail were used by the parties between Missouri and Pennsylvania, the Court held those factors alone did not constitute a transaction of business within the state of Missouri. Id. at 312-13. Similarly, in the present matter, none of defendant's agents every traveled to Missouri for the purposes of conducting business related to the promissory notes at issue in this case, and ICC is not authorized to do business within the state, does not have offices or agents in Missouri, nor does it own property in Missouri.

Defendant ICC also argues that it has not entered into a contract in the State of

-5-

Missouri, as the promissory notes at issue were executed on ICC's behalf in the State of New York. Under Missouri law, for personal jurisdiction purposes, contracts are deemed to be made where acceptance occurs. See State ex rel.Career Aviation Sales, Inc. v. Cohen, 952 S.W.2d 324, 326 (App. E.D. 1997). Here, as the promissory notes were accepted in New York, defendant ICC states that it is not subject to the Court's jurisdiction.

In response, plaintiff argues that the promissory notes at issue were "Missouri promissory notes," and that "each of the notes by its own terms is a Missouri note." See Doc. No. 34, pp. 1-2. Presumably, plaintiff means that the inclusion of the words "Kansas City, Missouri" within the title of the promissory notes means that the notes were Missouri notes. Plaintiff states that the making of a promissory note in Missouri constitutes the transaction of business within the state for purposes of the long-arm jurisdiction statute (see Shady Valley Park & Pool, Inc. v. Dimmic, 576 S.W.2d 579, 580 (Mo. App. E.D. 1979)), and that because the notes were Missouri notes and the funds advanced to ICC came from Missouri, this Court has jurisdiction over the matter.

Defendant ICC replies, and this Court agrees, that the contacts outlined above are insufficient to meet the requirements of Missouri's long arm statute. The entitling of the notes with "Kansas City, Missouri" does not confer jurisdiction upon this Court; instead, as suggested by defendant in its suggestions in support of its motion to dismiss, a contract is made where acceptance occurs. Defendant provided an affidavit stating that acceptance occurred in New York; plaintiff has provided no evidence to the contrary. Therefore, the Court cannot find, based on the facts presented, that defendant ICC made a promissory note in Missouri.

Furthermore, the fact that funds were advanced from Missouri to defendant ICC

-6-

does not subject ICC to jurisdiction within Missouri. As discussed in Hanson v. Denckla,

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.

Hanson v. Denckla, 357 U.S. 235, 253 (1958). As pointed out by defendant, plaintiff's act of advancing funds to defendant from its Missouri bank is a unilateral activity by plaintiff; it is not an activity by which plaintiff can claim that defendant purposefully availed itself of the privilege of conducting activities within the State of Missouri.

Therefore, plaintiff has not demonstrated that the requirements of the Missouri long arm statute are met.

### C. Due Process Clause

Even though plaintiff has not met the requirements of the Missouri long arm statute, the Court's inquiry does not end here. The Court also must examine whether subjecting ICC to the jurisdiction of this Court violates the Due Process Clause. The five factors the Court considers in making that inquiry are detailed below.

**1. The nature and quality of the contacts with the forum state.**

Defendant ICC states that it has few, if any, contacts with the State of Missouri, and that any contacts it has are unrelated to plaintiff's claims. As noted above, telephone calls and/or e-mails exchanged are not enough, by themselves, to support personal jurisdiction over an out-of-state defendant.

Plaintiff responds that defendant ICC purposefully availed itself of jurisdiction in

Missouri by (1) entering into Missouri promissory notes, and (2) accepting payments from Missouri. As discussed above, these contacts are insufficient to support personal jurisdiction over this out-of-state defendant.

Plaintiff further responds that defendant J. Kevin McFall admitted that he was subject to the long-arm jurisdiction of this Court. Plaintiff states that "defendant McFall admitted that his execution of the notes made him subject to service under Missouri Rule of Civil Procedure 54.06, the rule allowing long-arm service of process." See Doc. No. 34, p. 4. However, as pointed out by defendant, a review of Kevin McFall's answer to the first amended complaint indicates only that "he is subject to service pursuant to Missouri Rule of Civil Procedure 54.06." This does not amount to an admission that the signing of the promissory notes is the basis for jurisdiction; defendant states that the basis for jurisdiction against defendant McFall is his own history of (1) having done business in the State of Missouri (with companies other than ICC), and (2) having owned property in the State of Missouri. Although, generally, "a court may exercise personal jurisdiction over a defendant through the acts of his agent," the plaintiff must make a showing that the agent's actions in the State of Missouri were within the scope of authority conferred to the agent. See Romak USA, Inc. v. Rich, 384 F.3d 979, 985 (8th Cir. 2004). Here, plaintiff has not presented a prima facie case that the facts conferring jurisdiction over defendant McFall are related to McFall's relationship to defendant ICC. Therefore, given the facts alleged concerning the actions of defendant ICC in regard to this forum, the Court finds the nature and quality of the contact insufficient to grant it personal jurisdiction over defendant ICC.

**2. The quantity of those contacts.**

As discussed above, defendant asserts it has had few, if any, contacts with the State of Missouri. It appears the only contact alleged by plaintiff is entering into "Missouri promissory notes" and accepting funds paid from a Missouri bank account. These are insufficient quantities of contact between defendant ICC and this forum to allow this Court personal jurisdiction over defendant ICC.

## 3. The relation of the cause of action to the contacts.

Again, defendant notes that it has had few, if any, contacts with the State of Missouri, and that the present cause of action is unrelated to the any contacts with the state. As discussed above, this contact is insufficient to subject the defendant to jurisdiction of this Court for this cause of action. Therefore, the Court finds that plaintiff has failed to show that defendant ICC's contacts with the forum have been in direct relation to the present cause of action.

## 4. The interests of the forum state in providing a forum for its residents.

Where the plaintiff is a Missouri corporation, as is the case here, the State of Missouri has an interest in resolving this case. However, given the allegations of the instant suit, the mandates of due process do not comport with the exercise of personal jurisdiction over individual defendant, ICC.

## 5. The convenience of the parties.

As stated above, because plaintiff is a Missouri Corporation there is a convenience for plaintiff to litigate this matter in Missouri. However, the other parties in this case (ICC, co-defendant Kevin McFall and counterclaim defendant Jonathan Wiesner) reside and do business primarily outside the state of Missouri. Consequently, this factor weighs little in

the Court's analysis.

Therefore, the factors considered in the Court's due process analysis do not weigh in favor of finding the existence of personal jurisdiction over defendant ICC. As plaintiff has not presented a prima facie case that personal jurisdiction is proper under wither Missouri's long arm statute or the Due Process Clause, Defendant Imagine Capital Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 30) is **GRANTED**.

**IT IS SO ORDERED.**

    /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   October 21, 2005   .
Kansas City, Missouri.