# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MIDWEST SWIM & ACTIVE, LLC, | ) |
|     Plaintiff/Counter-defendant, | ) ) |
| vs. | ) Case No. 05-0312-CV-W-FJG ) |
| J. KEVIN MCFALL, | ) ) |
|     Defendant/Counter-claimant, | ) ) |
| vs. | ) ) |
| JONATHAN WIESNER, | ) ) |
|     Counter-defendant. | ) |

## ORDER

Pending before the Court is plaintiff Midwest Swim & Active, LLC's Motion to Strike Defendant's Preliminary Expert Report of Marc Vianello, CPA/ABV (Doc. No. 64). Plaintiff moves to strike this expert report because (1) it was not submitted in affidavit format, as required by this Court's Scheduling and Trial Order; (2) it improperly reaches legal conclusions; and (3) it is based on an insufficient foundation.

Defendant responds first by moving for leave to resubmit Mr. Vianello's report in the form of an affidavit. See Doc. No. 72, p. 4. The Court agrees with defendant that this would be the appropriate remedy in this circumstance; therefore, defendant's motion for leave to resubmit Mr. Vianello's report in the form of an affidavit (Doc. No. 72) is **GRANTED.** Defendant shall file via ECF the amended version of Mr. Vianello's report, attached to Doc. No. 72 as Exhibit A, on or before **MARCH 15, 2006.**

Defendant also notes that the remaining problems complained of by plaintiff can be

dealt with through cross-examination at trial. Plaintiff replies that Mr. Vianello's testimony "should not be allowed to confound the jury's deliberation," that Rule 702 "requires district courts to filter from the jury's consideration those expert opinions that lack indicia of reliability," and that "once a jury hears the credentials and the well-articulated opinion of an expert, it may simply ignore the cross-examination that reveals that the opinions were based on the expert's imagination." See Doc. No. 73. However, the Court notes that the present matter is set for a **bench trial** (see Doc. No. 15, dated July 15, 2005, and all subsequent Scheduling and Trial Orders), and the concerns outlined by plaintiff with respect to juror confusion simply do not apply in a bench trial setting. Deal v. Hamilton County Bd. of Educ., 392 F.3d 840, 852 (6th Cir. 2004) ("The 'gate-keeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial"). The Court will be able to deduce the proper weight (if any) to give Mr. Vianello's testimony during the bench trial.

Accordingly, plaintiff Midwest Swim & Active, LLC's Motion to Strike Defendant's Preliminary Expert Report of Marc Vianello, CPA/ABV (Doc. No. 64) is **PROVISIONALLY DENIED**. Plaintiff may renew its objections to Mr. Vianello's testimony at trial.

**IT IS SO ORDERED.**

/s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: March 9, 2006 .
Kansas City, Missouri.

-2-

Case 4:05-cv-00312-FJG   Document 92   Filed 03/09/06   Page 2 of 2